UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SLACK, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS, *et al.*,<br><br>  Defendants.<br>_____/ | No. C-13-5001 EMC<br><br>**ORDER DENYING NON-PARTY SCHER'S MOTION FOR RULE 11 SANCTIONS**<br><br>**(Docket No. 14)** |

Pending before this Court is the motion of non-party Greg Scher pursuant to Federal Rule of Civil Procedure 11 to impose sanctions against Plaintiffs and Plaintiffs' counsel. Mr. Scher alleges that the Complaint contains false and libelous statements about him. For the following reasons, the motion is **DENIED**.

"Generally, non-parties to a case in litigation cannot bring motions for sanctions." *Hochen v. Bobst Group, Inc.*, 198 F.R.D. 11, 14 (D. Mass. 2000); *see also Westlake North Property Owners Ass'n v. City of Thousand Oaks*, 915 F.2d 1301, 1307 (9th Cir. 1990) ("Because . . . Moore and Hooks were not parties to the action in district court, they lack standing to move for rule 11 sanctions against Lang Ranch for actions taken in the district court."). While parties and "certain other participants" have standing under Rule 11, Mr. Scher does not fall into either category. *Sean Michael Edwards Design, Inc. v. Pyramid Designs*, No. 98 Civ. 3700 (BSJ), 1999 WL 1018072, at *1 (S.D.N.Y. Nov. 9, 1999); *see also Westmoreland v. CBS, Inc.*, 770 F.2d 1168 (D.C. Cir. 1985) (holding that non-party witness had standing to seek expenses incurred in opposing discovery motion).

1    Mr. Scher's sole connection to this action is that the Complaint contains allegedly false
2 allegations about him. This is insufficient to convey standing to bring a Rule 11 motion. In *New
3 York News, Inc. v. Kheel*, 972 F.2d 482 (2d Cir. 1992), a non-party attorney against whom plaintiffs
4 had made allegedly false statements in the complaint, was deemed to lack standing to pursue a Rule
5 11 motion. The Second Circuit found that the non-party was not an "involuntary participant" in the
6 action "simply by virtue of his name having appeared in the complaint." *Id.* at 489. Further, it
7 expressly stated that it did "not believe that it is sufficient . . . that [the non-party] could have been
8 named as a defendant or that his name appeared in the complaint." *Id.*

9    Similarly, in *Pinpoint IT Services, LLC v. Atlas IT Export Corp.*, 802 F. Supp. 2d 691 (E.D.
10 Va. 2011), a non-party to a breach of contract action brought a Rule 11 motion alleging that the
11 defendant in the action had made material misrepresentations regarding him in a court filing. *Id.* at
12 692-93. Relying on *Kheel*, the district court found that the non-party lacked standing to pursue a
13 Rule 11 motion. The court stated "[j]ust as the non-party in *Kheel* did not have standing to move for
14 Rule 11 sanctions merely because his name appeared in the complaint, Vaughn does not have
15 stnading to move for Rule 11 sanctions merely because he was mentioned in a memorandum filed by
16 the Defendant with this Court." *Id.* at 694.

17    Finally, the Court rejects Mr. Scher's claim that he has standing to bring this motion because
18 he is a "member of the class and . . . represented by the very same counsel that forcibly made him a
19 member of the class." Dkt. No. 22, at 2. Mr. Scher has cited no case, and the Court has found none,
20 where an unnamed putative class member has been found to have standing to bring a Rule 11
21 motion. Instead, the case law establishes that a putative class member is not deemed a party to an
22 action until that class has been certified. *See, e.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No.
23 M 07-1827 SI, 2011 WL 1753784 (N.D. Cal. May 9, 2011) ("[P]utative class members are not
24 parties to an action prior to class certification."); *Saleh v. Titan Corp.*, 353 F. Supp. 2d 1087, 1091
25 (S.D. Cal. 2004) ("Clearly, the Ninth Circuit in *Zepeda* concluded that putative class members are
26 not parties to an action prior to class certification."); *see also Smith v. Bayer Corp.*, 131 S. Ct. 2368,
27 2379-80 (2011) ("But as the dissent in *Devlin* noted, no one in that case was 'willing to advance the
28

**United States District Court**
For the Northern District of California

novel and surely erroneous argument that a nonnamed class member is a party to the class-action litigation *before the class is certified*.'" (citation omitted)).

Accordingly, Mr. Scher lacks standing to pursue a Rule 11 motion simply because the Complaint contains allegedly false statements about him.[1]  His motion is **DENIED**.  Plaintiffs' motion to strike Mr. Scher's Rule 11 motion from the docket is **DENIED**.[2]

This order disposes of Docket No. 14.

IT IS SO ORDERED.

Dated:  December 3, 2013

_____
EDWARD M. CHEN
United States District Judge

---

[1] Mr. Scher's motion also fails for the independent reason that he has failed to comply with the mandatory safe harbor provision of Rule 11.  Specifically, Rule 11 provides that no motion for sanctions may be filed or presented to the court unless it has been first served on the parties and 21 days have elapsed without the challenged paper being withdrawn or corrected.  *See* Fed. R. Civ. P. 11(c)(2); *see also Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) (recognizing that the safe harbor provision is strict and mandatory).

[2] Plaintiffs also request that this Court order Mr. Scher to "make no further unauthorized submissions to this Court."  Dkt. No. 15, at 8.  The Court declines to do so at this time.  Mr. Scher is admonished, however, that should he make further submissions to the Court, they must comply with the Federal Rules of Civil Procedure and the Northern District of California's local rules.  He is further warned that if future submissions fail to comply with these rules, do not contain an arguable basis in law, or are otherwise frivolous, the Court may consider imposing sanctions on Mr. Scher.