J. Mark Moore (SBN 180473)
   jmm@mllawyers.net
H. Scott Leviant (SBN 200834)
   hsl@mllawyers.net
Linh Hua (SBN 247419)
   lh@mllawyers.net
**MOORE & LEVIANT LLP**
20700 Ventura Blvd., Suite 140
Woodland Hills, CA 91364
Telephone:   (877) 360-7020
Facsimile:   (310) 870-7020

Jeffrey K. Berns (SBN 131351)
   jberns@law111.com
Albert G. Lum (SBN 259053)
   alum@law111.com
**BERNS WEISS LLP**
20700 Ventura Blvd., Suite 140
Woodland Hills, CA 91364
Telephone:   (818) 961-2000
Facsimile:   (818) 999-1500

Lee A. Weiss (SBN 297834)
   lweiss@law111.com
**BERNS WEISS LLP**
585 Stewart Avenue, Suite L-20
Garden City, NY 11530
Telephone:   (516) 222-2900
Facsimile:   (818) 999-1500

Attorneys for Plaintiffs David Slack,
John Jarboe, Ken Bettis, Kenny Mendoza
and Clyde Eli

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SLACK, individually, and on behalf of all others similarly situated, *et al.*<br><br>       Plaintiffs,<br><br>   vs.<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS, a trade union, *et al.*<br><br>       Defendants. | Case No.: 3:13-cv-05001-EMC<br><br>CLASS ACTION<br><br>**STIPULATION REQUESTING CONTINUANCE OF DECEMBER 18, 2014 CASE MANAGEMENT CONFERENCE** |

Case No.: 3:13-cv-05001-EMC                                                     *Slack, et al. v. I.U.O.E., et al.*
**STIPULATION BETWEEN PLAINTIFFS AND DEFENDANTS REQUESTING CONTINUANCE OF DECEMBER 18, 2014 CASE MANAGEMENT CONFERENCE**

TO THE COURT, TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

This Stipulation is submitted pursuant to Local Rule 6-2 and is entered into by and between all Plaintiffs and all Defendants (collectively, the "Parties") for the purpose of efficiently managing this litigation involving numerous parties and complex issues.

1. The original Complaint in this matter was filed on October 27, 2013.

2. On November 1, 2013, the Court issued its Case Management Conference Order in Reassigned Cases (Dkt. No. 10) scheduling the initial Case Management Conference ("CMC") on January 30, 2014 at 9:00 a.m. and directing that the Parties file a Joint CMC Statement one week in advance.

3. Plaintiffs filed a First Amended Complaint ("FAC") on January 27, 2014 (Dkt. No. 29).

4. After Motions to Dismiss were filed, on May 29, 2014, pursuant to stipulation, the Court ordered a continuance of the CMC from June 19, 2014, to July 24, 2014, and the Case Management Statement of the Parties was ordered due by July 17, 2014 (Dkt No. 154).

5. The hearing on Rule 12 Motions directed at the FAC was held on July 10, 2014 before the Court, after which the Court took the Rule 12 Motions under submission (Dkt. No. 171). Pursuant to the Clerk's Notice dated July 11, 2014, the CMC scheduled for July 24, 2014, was continued to August 14, 2014, and the Case Management Statement of the Parties was ordered due by August 7, 2014 (Dkt. No. 172).

6. On July 25, 2014, pursuant to stipulation, the Court ordered a continuance of the CMC from August 14, 2014 to September 18, 2014. (Dkt. No. 175).

7. On August 19, 2014, the Court entered its Order Granting Defendants' Motions to Dismiss with Leave to Amend (Dkt. No. 176).

8. On September 2, 2014, pursuant to stipulation, the Court ordered a continuance of the CMC from September 18, 2014 to December 4, 2014.  (Dkt. No. 178).

9. Plaintiffs filed their Second Amended Complaint (SAC) on October 20, 2014. (Dkt. No. 179).

10. On November 13, 2014, the parties held their Fed. R. Civ. P. 26 conference of counsel.

11. During and after the November 13, 2014 conference of counsel, the parties expressed substantial disagreement regarding the timing and scope of discovery and initial disclosures while some of the claims in the SAC are unresolved. Defendants initially objected to the commencement of all discovery prior to the resolution of their intended motion to dismiss portions of the SAC. Plaintiffs argued that the Federal Rules of Civil Procedure specify event timing that essentially assumes the likelihood that discovery will commence before the pleadings are entirely settled in a case. In response, Defendants argued that courts are empowered to manage the scheduling of discovery to prevent undue burden and stated that they would likely move to stay all or a portion of discovery -- particularly with respect to claims contested in the pending Joint Motion to Dismiss -- to avoid such undue burden. The parties continued to negotiate towards a resolution of the impasses in order to complete their Joint Report. Ultimately, during the week of December 9, 2014, the parties agreed to limit written discovery and depositions to Longview-based issues, which are addressed in SAC Claims for Relief One and Two (and those general background matters that would be appropriate subjects of inquiry for any claim in this matter) and agreed on a staged approach to initial disclosures. Plaintiffs' agreement to compromise was expressly contingent upon confirmation at that the Court would not view the lack of formal discovery on other claims at this time as a lack of diligence by Plaintiffs.

12. Once the parties reached an agreement to utilize a staged approach to discovery and disclosures, the parties agreed that it did not make sense to hold a CMC solely to advise the Court that a further CMC should be held after resolution of Defendants Joint Motion to Dismiss portions of the SAC, when the Court and parties would have more information about how the case would proceed and which claims would be at issue. The parties also recognized that the potential for class claims called into question the setting of a fixed schedule until the pleadings challenges directed at the SAC are settled.

13. On November 14, 2014, the Court continued the CMC to December 18, 2014. (Dkt. 183.)

Case No.: 3:13-cv-05001-EMC        Page 2        *Slack, et al. v. I.U.O.E., et al.*
**STIPULATION BETWEEN PLAINTIFFS AND DEFENDANTS REQUESTING CONTINUANCE OF DECEMBER 18, 2014 CASE MANAGEMENT CONFERENCE**

1    14.  On December 5, 2014, Defendants filed their Joint Motion to Dismiss the SAC. (Dkt. No. 187). By Stipulation of the parties, that Motion to Dismiss will be heard on February 19, 2015. (Dkt. Nos. 180, 182, 184, 186.)

15. The parties are completing the final version of their Joint Report, which should be filed shortly after this Stipulation is filed with the Court. This Stipulation could not be filed sooner than December 11, 2014, because the parties did not resolve all issues that arose during preparation of the Joint Report until December 11, 2014.

16. Accordingly, the Parties now respectfully ask the Court to continue the CMC presently set for December 18, 2014, until March 19, 2015, twenty-eight days after the hearing on the Joint Motion to Dismiss portions of the SAC. The parties will update their Joint Report to the extent that circumstances discussed therein have changed and propose filing any Amended Joint Report, if needed, seven calendar days prior to the date of the CMC.

17. This Stipulation is not offered for any dilatory or improper purpose, but rather solely to effectively manage the scheduling of case events and to ensure the most efficient use of resources by the Court, the Parties, and their counsel.

WHEREFORE, subject to the Court's approval, Plaintiffs and the Defendants, desiring to efficiently manage this complex matter, hereby stipulate to a continuance of the CMC and related deadlines until March 19, 2015 or a date thereafter convenient for the Court's calendar.

Respectfully submitted,

Dated: December 11, 2014

**MOORE & LEVIANT LLP**

By: _/s/ H. S. Leviant_
J. Mark Moore
H. Scott Leviant

**BERNS WEISS LLP**
Jeffrey K. Berns
Lee A. Weiss
Albert G. Lum

Attorneys for Plaintiffs David Slack, John Jarboe, Ken Bettis, Kenny Mendoza and Clyde Eli

| | |
|---|---|
| Dated: December 11, 2014 | **LAW OFFICE OF KENNETH C. ABSALOM** |
| | By: /s/ George Nemiroff |
| | Kenneth C. Absalom |
| | George R. Nemiroff |
| | Attorneys for Defendants Russell E Burns, Dan Reding, Carl Goff, Pete Figueiredo, and Steve Ingersoll |
| Dated: December 11, 2014 | **COX, CASTLE & NICHOLSON LLP** |
| | By: /s/ Dwayne McKenzie |
| | Dwayne McKenzie |
| | Attorneys for Defendants Kevin J. Albanese, F.G. Crosthwaite, Thomas Holsman, John M. Humber, Richard Piombo |

# ECF CERTIFICATION

Pursuant to Local Rule 5-1(i)(3), the filing attorney attests that he has obtained concurrence regarding the filing of this document from the signatories to the document.

Dated: December 11, 2014  By: _____
J. Mark Moore
jmm@mllawyers.net
H. Scott Leviant, State Bar No. 200834
hsl@mllawyers.net
Linh Hua, State Bar No. 247419
lh@mllawyers.net
**MOORE & LEVIANT LLP**
20700 Ventura Blvd., Suite 140
Woodland Hills, CA 91364
Telephone:  (877) 360-7020
Facsimile:  (310) 870-7020

**ORDER**

Pursuant to the Stipulation of counsel and for good cause shown, IT IS HEREBY ORDERED that the case management conference is continued to __3/19/15 at 10:30__ a.m. An updated joint CMC Statement shall be filed by __3/12/15__.

**IT IS SO ORDERED.**

Dated: __12/12__, 2014

_____
Judge Edward M. Chen

*IT IS SO ORDERED AS MODIFIED*