UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SLACK, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>RUSSELL E. BURNS, et al.,<br><br>    Defendants. | Case No. 13-cv-05001-EMC  (KAW)<br><br>**11/5/15 JOINT LETTER REGARDING DEFENDANTS' REQUEST FOR LEAVE TO TAKE THE DEPOSITION OF DEBBIE SHANK MORGAN**<br><br>Re: Dkt. No. 244 |

On November 5, 2015, the parties filed a joint letter concerning Defendants' request for leave to take the deposition of Debbie Shank Morgan. (Joint Letter, Dkt. No. 244.) Ms. Morgan is believed to have been employed or retained as an investigator by Plaintiff's counsel's predecessor firm, or other firms with whom Plaintiffs have been associated. (Joint Letter at 2.) Ms. Morgan is currently incarcerated and serving a six-month prison sentence for obstruction of justice. *Id.* Specifically, her conduct allegedly involved the fabrication of evidence and providing false information to a federal agent in an attempt to "frame" a union official of embezzlement. *Id.*

Defendants contend that they are required to obtain leave of court to conduct the deposition pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), which requires leave of court if "the deponent is confined in prison." (Joint Letter at 2.) Plaintiffs argue that Ms. Morgan is scheduled to be released on December 3, 2015, so Defendants can simply subpoena her. (Joint Letter at 3.) Defendants believe that they will still require leave of court after Ms. Morgan's prison term concludes, because she will be on house arrest, and will be under the supervision of the Probation Department. (Joint Letter at 2.) Therefore, Defendants require leave of court to depose Ms. Morgan in either Texas, where she is incarcerated, or in Ohio, where she will be serving six months of home confinement. (Joint Letter at 3.)

United States District Court
Northern District of California

1  Furthermore, Plaintiffs contend that the pending action's two remaining claims involve the imprudent approval of $100 million Pension Fund investment more than five years before Ms. Morgan was charged with any criminal conduct in New Jersey, so her testimony is not relevant. (Joint Letter at 3.)  This mischaracterizes Defendants' position.  Indeed, Defendants believe that Ms. Morgan worked on this case and is a percipient witness, who can testify to facts that fall outside of the attorney-client privilege and work product doctrines. (Joint Letter at 3.)  Defendants do not appear to be seeking discovery concerning the criminal conduct that led to her incarceration.

Moreover, it is premature to determine whether Ms. Morgan's testimony is subject to any applicable privileges.  While it is unclear whether Defendants require leave of court to depose Ms. Morgan after her release, she is currently confined to prison.  Thus, in an abundance of caution, pursuant to Federal Rule of Civil Procedure 30(b)(2), the Court GRANTS Defendants' request for leave to depose Ms. Morgan, be it in Texas or Ohio, for the purposes of this litigation.

IT IS SO ORDERED.

Dated: November 24, 2015

_Kandis Westmore_
KANDIS A. WESTMORE
United States Magistrate Judge