KENNETH C. ABSALOM (SBN 114607)
kenabsalom@333law.com
GEORGE R. NEMIROFF (SBN 262058)
nemiroff@333law.com
LAW OFFICE OF KENNETH C. ABSALOM
220 Montgomery Street, Suite 905
San Francisco, Ca. 94104
Tel:  415-392-5040
Fax: 415-392-3729

*Attorneys for Defendants
Carl Goff, Russell E. Burns, and
Dan Reding*

DWAYNE P. MCKENZIE (SBN 175162)
dmckenzie@coxcastle.com
COX, CASTLE & NICHOLSON LLP
2049 Century Park East, 28th Floor
Los Angeles, CA 90067-3284
Telephone: (310) 284-2200
Facsimile: (310) 284-2100

*Attorneys for Defendants Kevin J. Albanese,
F.G. Crosthwaite, Thomas Holsman, John M.
Humber, Richard Piombo*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SLACK, individually, and on behalf of all others similarly situated, *et al*.<br><br>Plaintiffs,<br><br>vs.<br><br>RUSSELL E. BURNS, *et al.*<br><br>Defendants. | Case No.: 3:13-cv-05001-EMC<br><br>**STIPULATION TO SET DEPOSITION OF DEBBIE SHANK MORGAN AFTER FACT DISCOVERY CUTOFF**<br><br>Judge:  Hon. Edward M. Chen<br><br>Complaint Filed: October 27, 2013 |

TO THE COURT, TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

This Stipulation is submitted pursuant to Local Rules 6-2, and is entered into by and

between Plaintiffs David Slack, Jim Jarboe, Kenny Mendoza, Ken Bettis and Clyde Eli

(collectively, "Plaintiffs"), and Defendants Russell E. Burns, Carl Goff and Dan Reding ("Union Trustees") and F.G. Crosthwaite, Richard Piombo, John Humber, Thomas Holsman and Kevin Albanese ("Management Trustees"") (collectively, "Defendants") for the purpose of efficiently managing this litigation. One extension has previously been requested regarding the expert report disclosure deadline and it was granted. The original Complaint in this matter was filed on October 27, 2013.

1. On October 19, 2015, Defendants filed with this Court a Motion Seeking Leave to Depose Debbie Shank Morgan pursuant to Fed.R.Civ.P. 30(a)(2)(B).[1] (ECF No. 235).

2. On October 21, 2015, Plaintiffs filed a Procedural Objection to Defendant's Motion Seeking Leave to Depose Debbie Shank Morgan, Filed in Violation of This Court's Civil Standing Order on Discovery. (ECF No. 237).

3. On October 22, 2015, Defendants filed a Response to Plaintiff's Procedural Objection. (ECF No. 239).

4. On October 22, 2015, the parties received a Clerk's Notice referring the parties to the Court's standing order regarding discovery disputes and required them to meet and confer and file a joint letter by November 5, 2015. (ECF No. 240).

5. The parties met and conferred in accordance with the Court's direction and, when they determined no resolution could be reached, filed a joint letter on November 5, 2016 laying out their respective positions. (ECF No. 244).

6. On November 9, 2015, the Court issued its order referring the case to Magistrate Judge Kandis Westmore for discovery purposes. (ECF No. 245).

7. On November 24, 2015, Magistrate Judge Westmore issued an order granting Defendants leave to conduct the deposition of Debbie Shank Morgan. (ECF NO. 248).

8. On December 7, 2015, Defendants had prepared and served on Debbie Shank Morgan in Ohio a subpoena duces tecum commanding her to appear at deposition and produce documents on February 3, 2016.

---

[1] At the time the motion was filed Morgan was incarcerated in a federal penitentiary in Carswell, Texas.

9. On or about January 27, 2016, counsel for the Union Trustees received correspondence from Morgan's attorney, Lawrence Hupertz, that Morgan was undergoing various surgeries, one of which was scheduled for the day of her deposition and would not be able to appear at the scheduled time, nor in the foreseeable future.

10. On February 9, 2016, counsel for the Union Trustees sent correspondence to Magistrate Judge Westmore seeking her assistance in coordinating Morgan's deposition. (ECF No. 249).

11. On February 17, 2016, Magistrate Judge Westmore conducted a teleconference involving counsel for both parties and Morgan. The conference concluded with Magistrate Judge Westmore informing the parties she would make inquiries with Morgan's home confinement specialist, Kenneth Dodds, as to the extent that her health condition would prevent her from being able to sit for deposition. Magistrate Judge Westmore also indicated she would request Morgan's physician(s) furnish an affidavit or letter regarding her health condition following her surgery. (ECF No. 251).

12. On March 16, 2016, having not heard back from the Court, Defendants sent additional correspondence to Magistrate Judge Westmore, seeking an update as to Morgan's deposition. (ECF No. 252).

13. On March 29, 2016, Magistrate Judge Westmore conducted a teleconference involving counsel for both parties and third party witness Morgan.  Magistrate Judge Westmore informed the parties of her findings. Further, she proposed dates for the parties to confer about after the fact-discovery cut off and recommended the parties submit a stipulation to the Court to conduct the deposition after said cutoff.

14. Counsel for the parties agreed to enter into a stipulation setting May 23, 2016 as the date counsel for all parties to this action are available for taking Morgan's deposition.  Counsel for Morgan informed the Court that he was not authorized to enter into any stipulation.  Thus, it is unclear whether Morgan will in fact appear for her deposition on this re-noticed date.

15. Following the teleconference on March 29, Magistrate Judge Westmore issued a minute order stating the court did not agree that Ms. Morgan is incapable of having her deposition taken and accommodations could be made for her medical appointment schedule and physical limitations. At the conclusion of her minute order, Magistrate Judge Westmore indicated the parties are "'[t]o submit a stipulation and proposed order to extend discovery cut-off for the limited purposes of taking Ms. Morgan's deposition during the week of May 23, 2016." (ECF No. 257).

16. This Stipulation is not offered for any dilatory or improper purpose, but rather solely to effectively manage the scheduling of case events, to ensure the most efficient use of resources by the Court, the parties, and their counsel, and to accommodate the pre-existing schedules of parties and counsel.

WHEREFORE, subject to the Court's approval, Plaintiffs and Defendants, desiring to efficiently manage this complex matter, hereby stipulate and request a variance in the fact discovery cut-off date as follows:

1. The discovery cut-off is extended for the limited purpose of taking the deposition of Debbie Shank Morgan during the week of May 23, 2016.

2. This stipulated extension to the discovery cut-off for the limited purpose of taking the deposition of Ms. Morgan is without prejudice to subsequent stipulations by the parties or requests by Defendants to further adjust the extension as may be necessary in the event the deposition does not or cannot occur as scheduled for any reason.

Respectfully submitted,

Dated: April 5, 2016     **BERNS WEISS LLP**

By: /s/ H. Scott Leviant

H. Scott Leviant
Jeffrey K. Berns
Lee A. Weiss
Albert G. Lum

Attorneys for Plaintiffs

| | | |
|---|---|---|
| 1 | Dated: April 5, 2016 | **LAW OFFICE OF KENNETH C. ABSALOM** |
| 2 | | |
| 3 | | By: /s/ Kenneth C. Absalom |
| 4 | | Kenneth C. Absalom<br>George R. Nemiroff |
| 5 | | Attorney for Defendants Russell E. Burns, Dan Reding, and Carl Goff |

 

| | | |
|---|---|---|
| 9 | Dated: April 5, 2016 | **COX CASTLE & NICHOLSON** |
| 11 | | By: /s/ Dwayne McKenzie |
| 12 | | Dwayne McKenzie<br>Monica Briseno |
| 14 | | Attorney for Defendants F.G. Crosthwaite, Rich Piombo, Thomas Holsman, John Humber and Kevin Albanese |

1  PURSUANT TO STIPULATION, IT IS SO ORDERED:

4  Dated:    4/7/16

   Hon.
   UNITED STA...
   Judge Edward M. Chen

   IT IS SO ORDERED

   UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF CALIFORNIA