1

2

3

4                        UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7    DAVID SLACK, et al.,                    Case No.  13-cv-05001-EMC   (KAW)

            Plaintiffs,
8                                            ORDER REGARDING 7/11/16 AND
                                             7/14/16 LETTERS RE: DEPOSITION OF
9        v.                                  DEBORAH MORGAN

10   RUSSELL E. BURNS, et al.,               Re: Dkt. Nos. 326, 328

            Defendants.
11

12

13          On July 11, 2016, Defendants filed a discovery letter concerning their inability to depose

14   Deborah Morgan and asking the undersigned for further assistance in obtaining her deposition

15   testimony prior to the October trial date. (7/11/16 Letter, Dkt. No. 326.)  On July 14, 2016,

16   Plaintiffs filed a response, in which they pointed out that Defendants' letter violated the Court's

17   standing order that discovery disputes be addressed by joint letter. (7/14/16 Letter, Dkt. No. 328.)

18   Plaintiffs are correct.

19          As to Ms. Morgan's health, on May 17, 2016, the Court found that she was unavailable for

20   medical reasons.  It is not known whether she remains unavailable.

21          Accordingly, the Court TERMINATES both letters and orders the parties to meet and

22   confer in good faith with each other and Ms. Morgan's attorney, Lawrence R. Hupertz, to discuss

23   whether Ms. Morgan can sit for a deposition, and what accommodations, if any, are medically

24   necessary.  If Ms. Morgan is medically available, the parties shall meet and confer and schedule a

25   deposition.

26          If Mr. Hupertz contends that Ms. Morgan remains medically unavailable, the parties shall

27   file a joint letter, and Mr. Hupertz shall lodge (do not file) a letter from Ms. Morgan's treating

28   physician that directly addresses Ms. Morgan's limitations, why reasonable accommodations

United States District Court
Northern District of California

1   would not allow her to undergo deposition, and when he expects her to become medically

2   available.  A letter simply stating that she cannot work or that she is on pain medication[1] is

3   insufficient.  Instead, the doctor shall explain why reasonable accommodations cannot be made.

4   Such accommodations may include, but are not limited to, rest breaks, changes in body

5   positioning (sitting, standing, lying down, elevation of extremities), scheduling the deposition over

6   two or more days, and a temporary change in pain management medications or medication

7   administration to ensure competency.  Mr. Hupertz shall furnish a copy of this order to Ms.

8   Morgan's treating physician should a letter be required.

9          If a subsequent joint letter is required, upon review of the letter, Mr. Hupertz's submission,

10   and any further records that may be made available to the Court, the undersigned will determine

11   whether Ms. Morgan is medically able to undergo deposition.

12          Plaintiffs shall serve a copy of this order on Mr. Hupertz.

13          IT IS SO ORDERED.

14   Dated: July 21, 2016

15   _Kandis Westmore_ _____

16   KANDIS A. WESTMORE
     United States Magistrate Judge

---

[1] The court does not believe that all pain medications, including controlled substances, render an individual incompetent or otherwise unable to undergo deposition.