UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SLACK, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>RUSSELL E. BURNS, et al.,<br><br>    Defendants. | Case No. 13-cv-05001-EMC   (KAW)<br><br>**ORDER DENYING DEFENDANTS' JOINT ADMINISTRATIVE MOTION TO TAKE THE DEPOSITION OF DEBBIE S. MORGAN**<br><br>Re: Dkt. No. 340 |

On August 15, 2016, Defendants filed a joint administrative motion to take the deposition of Debbie S. Morgan in connection with Defendants' motion for attorneys' fees.

Upon review of the moving papers, the Court deems this matter suitable for disposition without oral argument pursuant to Civil L.R. 7-1(b), and DENIES Defendants' administrative motion to take Ms. Morgan's deposition.

### I. BACKGROUND

In December 2014, Debbie Shank Morgan pled guilty to one count of obstruction of justice for fabricating physical evidence and providing false information to a federal agent in an attempt to frame an International Union Operating Engineer ("IUOE") official for embezzlement of $30 million from a union political action committee. She was sentenced to six months in a federal correctional facility, six months under house arrest, placed on supervised release for three years, ordered to undergo mental health counseling, and given debt restrictions and assessed fines totaling $5,000. Currently, Morgan has been released from the federal correctional facility and is under the supervision of the U.S. Probation Office in Cleveland, Ohio.

The undersigned granted a prior request to take Morgan's deposition in November 2015. (Dkt. No. 246.)  Morgan's various health conditions, however, resulted in her deposition not going

forward due to medical unavailability. (*See* Dkt. No. 332.)  On July 20, 2016, the district court granted Defendants' motion for summary judgment.  Thereafter, judgment was entered against Plaintiffs, which has been appealed.

On August 15, 2016, Defendants filed an administrative motion to take Morgan's deposition in connection with their motion for attorneys' fees. (Defs.' Mot., Dkt. No. 340.)  On August 18, 2016, Plaintiffs filed a response. (Pls.' Opp'n, Dkt. No. 341.)

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 26, parties may obtain "discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Whether to grant or deny discovery requests in connection with an attorney's fee motion is within the discretion of the district court. *Sablan v. Dep't of Fin. of Com. of N. Mariana Islands*, 856 F.2d 1317, 1321 (9th Cir. 1988).  The court has discretion to award "a reasonable attorney's fee and costs of action to either party." 29 U.S.C.A. § 1132(g)(1).  In deciding whether to award discretionary attorney's fees and costs is an ERISA action, the court employs the five factors set out in *Hummell v. S. E. Rykoff & Co.*:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

634 F.2d 446, 453 (9th Cir. 1980). When applied, the *Hummell* factors "confront the 'nuclei of concerns' relevant to ERISA lawsuits." *Eddy v. Colonial Life Ins. Co. of Am.,* 59 F.3d 201, 206 (D.C. Cir. 1995)(quoting *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980)).  A recipient of attorney's fees under § 1132(g)(1) does not need to be a "prevailing party." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 243(2010).

## III.    DISCUSSION

Defendants request leave to take Morgan's deposition in connection with their  motion for attorney's fees on the grounds that she possesses critical, non-privileged information to prove that Plaintiffs acted in bad faith in their prosecution of this action, including information and/or

1  documents obtained from current or former trustees of the Operating Engineers Pension Trust,
2  information from various witnesses and information that could support Defendants' affirmative
3  defenses, or may contradict allegations made by Plaintiffs' counsel in this action.

### A. *Hummell* Factors

There is no dispute that the court has the discretion to permit post-judgment discovery. Thus, the Court will analyze the applicable *Hummell* factors to determine whether Morgan's testimony is relevant to one or more *Hummell* factors. In support of their motion, Defendants contend that Morgan's testimony is highly relevant to determine the degree of Plaintiffs' and their counsel's culpability and bad faith in bringing the action, and whether an award of fees would deter others from acting under similar circumstances. (Defs.' Mot. at 4.)

#### i. Bad Faith

The first *Hummel* factor concerns an evaluation of the opposing party's conduct to determine the degree of culpability or bad faith. While bad faith is not required, it generally justifies an award of attorneys' fees. *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 590 (9th Cir. 1984).

Here, Defendants contend that evidence demonstrates that Plaintiffs and their counsel have made "unsupported claims against numerous entities and individuals in this action," which constitutes bad faith. (Defs.' Mot. at 4). At the time the present action was filed, Plaintiffs' counsel had two pending lawsuits—*Salas* and *Pette*—against IUOE-affiliated entities. (Defs.' Mot. at 4.) Thus, Defendants believe that Plaintiffs' counsel and Morgan participated in an unsuccessful litigation scheme to target IUOE entities and its affiliates. *Id.* In addition, court records show that leading up to Morgan's date of incarceration, Plaintiffs' counsel utilized Morgan in some capacity because she was "granted work-related travel to California, Hawaii, Nevada, and Utah, all areas within the jurisdiction of IUOE, Local 3 (the union local central to this action)." (Defs.' Mot. at 5). To date, Defendants have been unable to question Morgan about her involvement and communications with Plaintiffs' counsel due to objections of privilege. *Id.*

In opposition, Plaintiffs argue that Defendants' inference that the other cases qualify as an unsuccessful litigation scheme is unfounded given the fact that Plaintiffs' counsel has obtained

positive results. (Pls.' Opp'n at 3.)  For instance, the filing of the *Salas* action "led directly to reimbursement to several trust funds and Defendants admitted numerous allegations in their [a]nswers." (Pls.' Opp'n. at 3).  Furthermore, after *Pette* was filed, "the local union sued a major employer to recover unpaid trust contributions that plaintiffs identified in their complaint." (Pls.' Opp'n. at 3).  Therefore, the filing of those lawsuits alone does not demonstrate bad faith.

The undersigned declines to speculate as to whether Morgan's deposition would uncover evidence to support the theory that the case was filed in bad faith.  Indeed, the fact that Morgan remained employed by Plaintiffs' counsel while her criminal matter was pending does not, without more, demonstrate bad faith.  Moreover, two similar lawsuits are not a scheme.  The Court further notes that any information sought regarding communications between Morgan, as a paralegal, and Plaintiffs' counsel that occurred during her employ would likely be privileged.  Notwithstanding, this factor weighs slightly in favor of permitting Defendants to depose Morgan in connection with their motion for attorney's fees.

### ii. Deterrence

The third *Hummell* factor pertains to whether an award of fees would deter others from acting under similar circumstances. "[T]he district court must consider whether the award of fees will likely deter not only similar future ERISA violations but also delayed or otherwise inadequate detection and resolution of such violations." *Eddy*, 59 F.3d at 207. The purpose of this deterrence factor is "to protect the interests of plan participants and their beneficiaries." *Id.*

Here, Defendants argue that a fee award would serve as a deterrent because, at the time of filing, Plaintiffs' counsel had "several" other suits pending against IUOE-affiliated entities and personnel. (Defs.' Mot. at 4).  These lawsuits shared similar characteristics, such as being lengthy complaints against IUOE entities and affiliates, which indicated that this was becoming a pattern for Plaintiffs' counsel. (Defs.' Mot. at 5).  Defendants believe that Morgan's deposition will bring to light many of the unsupported claims behind the targeted attack on the IUOE entities and affiliates and would be used to "deter such future actions and safeguard plans from expending resources defending unfounded allegations." *Id.*

In opposition, Plaintiffs contend that Defendants' representation that the claims were

4

without merit is baseless. For example, one of the claims that Plaintiffs brought led to "reimbursements to several trust funds, and defendants admitt[ing] numerous allegations in their [a]nswers." (Pls.' Opp'n. at 3). Furthermore, Plaintiffs argue that Defendants' "fishing expedition" will not justify a deviation from barring discovery into dismissed claims under Rule 26(b)(1).

Three lawsuits are not "several," and the positive results obtained by Plaintiffs in two of them refute the existence of a "litigation scheme." Therefore, the court does not believe that an award of attorney's fees in this instance would serve as a deterrent, as Plaintiffs obtained some of the relief sought in the other cases, thereby rendering the deposition unnecessary.

### iii. Other factors

Plaintiffs point out that Defendants do not address nor claim that they are able to satisfy the three remaining *Hummell* factors: the ability to pay, that Defendants were acting to benefit all participants, and the relative merits of the parties' positions. (Pls.' Opp'n at 2.) Defendants, however, need not satisfy all five factors. *Paddack v. Morris*, 783 F.2d 844, 846 (9th Cir. 1986) ("None of the *Hummell* factors is 'necessarily decisive'; various permutations and combinations can support an award of attorney fees.")

Notwithstanding, discretionary fees are generally awarded to ERISA participants rather than defendant employers or union officials, and "should not be charged against ERISA plaintiffs." *See Carpenters S. California Admin. Corp. v. Russell*, 726 F.2d 1410, 1416 (9th Cir. 1984). This is because ERISA "is remedial legislation which should be liberally construed in favor of protecting participants in employee benefits plans." *Smith*, 746 F.2d at 589.

Defendants, however, are not plan participants. Essentially, the only *Hummell* factor that potentially weighs in favor of permitting the post-judgment deposition of Morgan is the possibility that testimony could be elicited to support Defendants' unsubstantiated claim that Plaintiffs acted in bad faith by engaging in a litigation scheme to attack IUOE entities and affiliates statewide. As discussed above, a few lawsuits do not constitute a scheme, especially given the favorable results obtained by Plaintiffs' counsel in the cases cited in Defendants' moving paper. (*See* Pls.' Opp'n at 3.)

5

In considering Rule 26, the Court notes that Morgan's medical condition would likely render any deposition unduly burdensome, if one could even go forward.  Thus, the Court finds that, in totality, the *Hummell* factors do not outweigh the burden imposed by taking the post-judgment deposition of Debbie Morgan.

### B. Scope of Discovery

Plaintiffs argue that any post-judgment discovery pertaining to fee disputes should be rare and narrow. (Pls.' Opp'n at 4 n. 7.)  Plaintiffs, however, cite only to cases involving discovery requests pertaining to the amount of reasonable attorneys' fees, in which one party sought the complete billing records of the other party, including information that was determined to constitute work product. *See ids.*  As a result, the courts in those cases ordered the disclosure of the hours worked and the hourly rates charged. *Id.*; *see Real v. Cont'l Grp., Inc.,* 116 F.R.D. 211, 214 (N.D. Cal. 1986)("[S]imply the number of hours billed, the parties' fee arrangement, costs and total fees paid do not constitute privileged information.")

Notwithstanding, given the Court's finding that the *Hummell* factors do not outweigh the burden of taking Morgan's deposition, *see* discussion *supra* Part III.A.iii, the Court need not address the scope of the deposition.

### IV. CONCLUSION

In light of the foregoing, the Court DENIES Defendants' joint motion to take Debbie Morgan's deposition in connection with the motion for attorneys' fees.

IT IS SO ORDERED.

Dated: October 7, 2016

KANDIS A. WESTMORE
United States Magistrate Judge